IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMAS SANTIAGO, | : | CIVIL ACTION NO. **1:CV-12-2007** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | (Magistrate Judge Blewitt) |
| | : | |
| v. | : | |
| | : | |
| ADAM SAUL, *et al.*, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.    BACKGROUND.

On October 5, 2012, Plaintiff Dimas Santiago, an inmate at the Lebanon  County

Correctional Facility ("LCCF"), Lebanon, PA,  filed, *pro se*, this instant civil rights action

under 42 U.S.C.  § 1983.[1]  (Doc. 1). Plaintiff names the following four (4) Defendants in his

Complaint: Adam Saul, Detective with the Lebanon County drug task force; Nicole

Eisenhart, Lebanon County District Attorney; Brian Deiderick, Lebanon County Chief Public

Defender; and  Lebanon County.  Plaintiff also filed a Motion for Leave to Proceed *in forma*

*pauperis*.  (Doc. 2).

We will now screen Plaintiff's Complaint as required by  the Prisoner Litigation

Reform Act.  *See Abdul-Akbar v. McKelvie*, 239 F. 3d 307, 314 (3d Cir. 2001); *Banks v.*

*County of Allegheny*, 568 F.Supp.2d 579, 589 (W.D. Pa. 2008).

---

[1]Plaintiff's Complaint was submitted on a "Form to be Used by a Prisoner in a Civil
Rights Complaint" and, on the face of the form Civil Rights Complaint,  Plaintiff indicated
that his Complaint was filed pursuant to 42 U.S.C. § 1983.  The Court has jurisdiction over
this case pursuant to 28 U.S.C. §1331 and §1343(a).

## II.    STANDARDS OF REVIEW.

### A.    PLRA

As stated, the Plaintiff has filed a Motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  (Doc. 2).  The Prison Litigation Reform Act of 1995,[2] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

### B.    42 U.S.C. § 1983

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); *see also*

---

[2]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

*Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on

3

supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

### C.    MOTION TO DISMISS

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Alleghenyl],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common

4

sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

*See also Burke v. Twp. of Cheltenham*, 742 F.Supp.2d 660, 667 (E.D. Pa. 2010).

## III.    DISCUSSION.

In his Complaint, Plaintiff simply alleges the following:

1. On or about January 20, 2011[,] Detective Adam Saul of the Lebanon drug task force [L.D.T.F.] illegally arrested and imprison[ed] [Plaintiff] Santiago[.] [P]articipating with Adam Saul was Detective Ryan Mong also of the L.D.T.F.
2. District Attorney Nicole Eisenhart acted as a covered (sic) up for the task force when she intented (sic) to prosecuted [Plaintiff] for fabricated charges of drugs and [in] the process violated [Plaintiff 's] constitutional rights.
3.  Chief Public Defender Brian Deiderick was [incompetent] intentionaly (sic) and [maliciously] deprived me of my rights of [effective] counsel and try to coerce me his client to [commit] perjury.

(Doc. 1, p. 2).

As relief, Plaintiff requests the following:

1. I want to be released from prison [and] [$] 10,000[,]000.
2. I want [$]3,000[,]000 compensation for every day I did in jail and barred the attorney from ever practicing law in the United States of America.
3. I want [$]1,000[,]000 and barred the attorney from ever practice law again.

(Doc. 1, p. 3).

Plaintiff does not state if he sues the Defendants for monetary damages in

their individual and/or official capacities. Plaintiff may not seek monetary damages

5

from state actor Defendants in their official capacities. Thus, Plaintiff may only seek monetary damages from Defendants in their individual capacities.[3]

Plaintiff indicates that LCCF does not have a grievance procedure available and that he filed a grievance regarding his instant claims. Plaintiff also indicates that he completed the grievance process. (Doc. 1, p. 1).[4]

Initially, we find that Plaintiff's present civil rights Complaint is in clear violation of Federal Rule of Civil Procedure 8. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. *See Burke*, 742 F.Supp.2d at 667

---

[3]It is unclear in which capacities Plaintiff is suing the individual Defendants. However, as stated, to the extent that Plaintiff seeks money damages from Defendants, he can only sue them in their individual, or personal, capacities if they are state actors. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office ... As such, it is no different from a suit against the State itself."); *Atwell v. Schweiker*, 274 F. App'x 116, 117-18 (3d Cir. 2007)("The Eleventh Amendment bars a suit against state officials sued in their official capacities because the state is the real party in interest inasmuch as the plaintiff seeks recovery from the state treasury."). Thus, we will recommend that any claims for monetary damages against Defendants in their official capacities be dismissed with prejudice.

[4]Prior to filing a civil rights action in federal court, an inmate must utilize the grievance procedure available in the prison. The inmate must exhaust all of his available administrative remedies with respect to each of his claims prior to filing a civil rights suit. Defendants have the burden to plead exhaustion as an affirmative defense. *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002); *Spruill v. Gillis*, 372 F. 3d 218, 222 (3d Cir. 2004); *Jones v. Bock*, 549 U.S. 199, 215 (2007).
We note that in the present case, Plaintiff Santiago's claims do not relate to the conditions of his confinement at LCCF.

("Factual allegations must be enough to raise a right to relief above the speculative level ... .")(quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). A court must accept as true all of the factual allegations contained in a complaint, but that requirement does not apply to legal conclusions. *Id*.

Plaintiff is, in part, complaining about actions taken against him in his criminal case initiated on January 21, 2011, by Defendant Saul as the arresting officer, in Lebanon County Court of Common Pleas, namely, *Com. of PA v. Dimas Santiago*, CP-38-CR-573-2011.[5] Plaintiff also complains about his criminal prosecution in the Lebanon County Court on the drug charges filed against him on January 21, 2011. As noted, Plaintiff Santiago's claims do not relate to the conditions of his confinement at LCCF. Also, as discussed below, Defendant Detective Saul filed the charges against Plaintiff, Defendant ADA Eisenhart prosecuted Plaintiff, and Defendant Chief Public Defender Deiderick was Plaintiff's defense counsel.

Plaintiff 's Lebanon County Criminal Docket for case CP-38-CR-573-2011 indicates that Plaintiff was arrested on January 21, 2011, by a criminal complaint filed by Defendant Saul charging Plaintiff with three felony drug offenses, namely, two counts of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, 35

---

[5]We have obtained a copy of Plaintiff Santiago's Lebanon County Criminal Docket for case number CP-38-CR-573-2011 at http://ujsportal.pacourts.us. We take judicial notice of Plaintiff's Lebanon County Criminal Docket. The Docket indicates that Plaintiff was represented by Defendant Deiderick and prosecuted by Assistant District Attorney ("ADA") Eisenhart.

Pa.C.S.A. §780-113, and one count of conspiracy to manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, 35 Pa.C.S.A. §903(c). The Docket shows that the charged drug offenses occurred on January 20, 2011, that Plaintiff was arrested by Defendant Saul and confined in LCCF on this date and, that the charges were later bound over by a Magisterial District Judge for Lebanon County Court of Common Pleas. An Information was filed against Plaintiff charging him with the stated drug offenses on May 24, 2011. Plaintiff 's criminal jury trial commenced on March 5, 2012, with Plaintiff proceeding *pro se*, Defendant ADA Eisenhart prosecuting Plaintiff and Defendant Deidercik was Plaintiff's stand by defense counsel. The Lebanon County Court of Common Pleas declared a mistrial on March 7, 2012. The Commonwealth then moved to nolle pros (dismiss) the three charges against Plaintiff, and the Court granted the motion on July 9, 2012. Thus, Plaintiff was not convicted of the three drug charges Defendant Saul filed against him on January 21, 2011.

It also appears that as a result of the January 20, 2011 incident, Defendant Saul filed additional charges against Plaintiff for possession of a firearm by a prohibited person, 18 Pa.C.S.A. §6105, and receiving stolen property, 18 Pa.C.S.A. § 3925, in Lebanon County Court of Common Pleas, namely, *Com. of PA v. Dimas Santiago*, CP-38-CR-557-2011.[6] Plaintiff had a joint criminal jury trial on both the CP-38-CR-573-2011 and the CP-38-CR-557-2011 cases, and a mistrial occurred with respect to both cases. Plaintiff was re-tried

---

[6] We have obtained a copy of Plaintiff Santiago's Lebanon County Criminal Docket for case number CP-38-CR-557-2011 at http://ujsportal.pacourts.us. We take judicial notice of Plaintiff's Lebanon County Criminal Docket.

only in the CP-38-CR-557-2011 case on July 10, 2012, and he was found guilty by a jury of the possession of firearm by a prohibited person charge.  On August 22, 2012, Plaintiff was sentenced in case CP-38-CR-557-2011 to a minimum of 4 years to a maximum of 8 years in prison. The receiving stolen property charge was dismissed.    Plaintiff filed a notice of appeal in the CP-38-CR-557-2011 case to the Pennsylvania  Superior Court and this appeal is still pending.

We now discuss Plaintiff's claims as against each Defendant.

Insofar as Plaintiff names Lebanon County as a Defendant he must proceed under the theory of municipal liability pursuant to *Monell v. Department of Social Servs.,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).    It is not clear if Plaintiff intended to name Lebanon County as a Defendant since this County is listed in the caption of Plaintiff 's Complaint but not in the section in which Plaintiff specifically named his Defendants.  (Doc. 1, pp. 1-2).  In any event, we do not find that Plaintiff has stated a claim against Lebanon County under *Monell*.   Thus, even if Plaintiff intended to name Lebanon County as a Defendant in this case, we find that Plaintiff has not properly stated a Fourth Amendment illegal arrest claim and an unlawful imprisonment claim under *Monell* against this County. Lebanon County cannot be held liable for the conduct of persons it supervises, such as Lebanon County drug task force officers, pursuant to *respondeat superior. Brickell v. Clinton County Prison Bd.*, 658 F.Supp. 2d 621, 626-27 (M.D. Pa. 2009).  Rather, Lebanon County is subject to liability in a §1983 action to the extent it maintained an unconstitutional custom or policy that caused the constitutional violations alleged by Plaintiff. *Id.*(citation omitted).

In order for Plaintiff to successfully allege a §1983 claim against Defendant Lebanon County, he must raise a *Monell* claim alleging that Lebanon County is a governmental entity and thus a "person" under §1983 and, alleging that either a policy or lack of policy of Lebanon County led to the alleged illegal arrest and unlawful imprisonment of Plaintiff on January 21, 2011. *Monell v. New York Dept. of Social Servs.*, 436 U.S. 658 (1978). *See Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008).

Under *Monell*, "municipalities and other local government units are among those "persons" to whom Section 1983 applies." *Malles v. Lehigh County*, 639 F. Supp. 2d 566, 576 (E.D. Pa. 2009).

As the Court in *Malles v. Lehigh County*, 639 F. Supp. 2d at 576, stated:

> According to the teaching of *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978), Lehigh County "can be sued directly under §1983 ... [when] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by [Lehigh County's] officers" or where the constitutional deprivations occurred pursuant to governmental custom. *Monell*, 436 U.S. at 690.

Therefore, in order to properly allege a §1983 claim against Defendant Lebanon County, Plaintiff must not only prove that Defendant Lebanon County is a governmental entity and thus a person under §1983 standards, but also must prove that Defendant Lebanon County unconstitutionally implemented or executed a policy statement, ordinance, regulation, decision or custom leading to the stated violations of his constitutional rights. Plaintiff failed to properly state a claim against Defendant Lebanon County in his *pro se* Complaint. Based on *Malles*, we find Plaintiff's allegations do not sufficiently state that

Lebanon County caused any alleged constitutional violation by any County drug task force officer by having customs, policies, practices and procedures, and how these policies gave rise to the violation of his constitutional rights.

The Third Circuit has held that a Plaintiff whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility.  *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002);  *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). At this stage of the case, we do not find that it would be futile for the Court to allow Plaintiff to amend his Complaint to state a proper claim against Defendant Lebanon County.   Therefore, we will recommend that Defendant Lebanon County be dismissed without prejudice giving Plaintiff the opportunity to properly allege a *Monell* claim against this Defendant.

As indicated above, Plaintiff claims in his Complaint (Doc. 1) that his present confinement in Lebanon County Correctional Facility is illegal, that violations of his constitutional  rights occurred during his January 21, 2011 arrest and subsequent criminal proceedings in his Lebanon County criminal case CP-38-CR-573-2011, and he challenges the length of his confinement in Lebanon County Correctional Facility. Also, Plaintiff requests money damages for every day he alleges that he was unlawfully confined in prison. Plaintiff's Docket in his Lebanon County criminal drug case CP-38-CR-573-2011 indicates that Plaintiff was confined in Lebanon County Prison on January 21, 2011, when he was arrested by Defendant Detective Saul and that Plaintiff remained in this prison until August 25, 2011, when he posted bail.  Plaintiff's Docket in his Lebanon County criminal possession

of a firearm case CP-38-CR-557-2011 indicates that Plaintiff's present confinement in Lebanon County Correctional Facility is the result of the recent August 22, 2012 sentence Plaintiff received in case CP-38-CR-557-2011 to a minimum of 4 years to a maximum of 8 years in prison. Also, as relief in his instant Complaint, Plaintiff requests, in part, to be released from Lebanon County Correctional Facility. (Doc. 1, p. 3).

As stated, Plaintiff does not appear to be presently confined in Lebanon County Correctional Facility with respect to his Lebanon County criminal case CP-38-CR-573-2011 which was nolle prossed, in its entirety, on July 9, 2012. Plaintiff's unlawful imprisonment claim that he was illegally confined in Lebanon County Prison after his arrest on January 21, 2011, by Defendant Saul with respect to his criminal case CP-38-CR-573-2011, and his request for money damages for this time he spent in prison, is actionable under the Fourth Amendment in a §1983 case if the trier of fact finds that Saul was without probable cause to arrest Plaintiff on the three drug charges. *See Crouse v. South Lebanon Tp.*, 668 F.Supp. 2d 664, 673 (M.D. Pa. 2009)("A claim for false imprisonment that is rooted in §1983 derives from the Fourth Amendment's prohibition against unreasonable seizures.")(citations omitted); *Kokinda v. Breiner*, 557 F.Supp.2d 581, 592 (M.D. Pa. 2008); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995).

However, Plaintiff's instant request that he be released from prison and his challenge to his present confinement in Lebanon County Correctional Facility as a result of his conviction and sentence in criminal case CP-38-CR-557-2011, must be pursued in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after Plaintiff exhausts his

state court remedies.  As stated, Plaintiff's Criminal Docket in criminal case CP-38-CR-557-2011 reveals that he has an appeal of his judgment of sentence pending with the Pennsylvania Superior Court.

An inmate challenging the validity or execution of his state court sentence must  file a habeas petition under § 2254.  *See  Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973); *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242 (2005); *Leamer v. Fauver*, 288 F. 3d 532, 540 (3d Cir. 2002).  However, as mentioned, insofar as Plaintiff was released from confinement with respect to  Lebanon County criminal case CP-38-CR-573-2011 on August 25, 2011, and insofar as this case was dismissed on July 9, 2012, it may now be too late for Plaintiff to file a §2254 habeas petition regarding this case since he is no longer in custody on this case.

In any event, to the extent that an inmate  is challenging the fact or length of his incarceration, as well as the legality of his present confinement, these are habeas claims. However, a state inmate who is challenging the conditions of his confinement as unconstitutional must assert these claims in a civil rights action pursuant to 42 U.S.C. §1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Leamer v. Fauver*, 288 F. 3d 532, 540 (3d Cir. 2002).

The Third Circuit in *Leamer v. Fauver*, 288 F. 3d at 542, stated:

> whenever the challenge ultimately attacks the 'core of habeas' -- the validity of the continued conviction or the fact or length of the sentence -- a challenge, however denominated and <u>regardless of the relief sought,</u> must be brought by way of a habeas corpus petition.  Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not

alter his sentence or undo his conviction, an action under § 1983
is appropriate. (Emphasis added).

Moreover, the Third Circuit Court of Appeals in *Defoy v. McCullough*, 393 F.3d 439,

441-442 (3d Cir. 2005), stated as follows:

> A prisoner may seek federal habeas relief only if he is in
> custody in violation of the constitution or federal law. 28 U.S.C.
> § 2254(a). Moreover, a petition for habeas corpus relief generally
> becomes moot when a prisoner is released from custody before
> the court has addressed the merits of the petition. *Lane v.
> Williams*, 455 U.S. 624, 631 (1982). This general principle derives
> from the case or controversy requirement of Article II of the
> Constitution, which "subsists through all stages of federal judicial
> proceedings, trial and appellate . . . the parties must continue
> to have a personal stake in the outcome of the lawsuit." *Lewis v.
> Cont'l Bank Corp.*, 494 U .S. 472, 477-78 (1990) (internal citations
> and quotations omitted). In other words, throughout the
> litigation, the plaintiff "must have suffered, or be threatened with,
> an actual injury traceable to the defendant and likely to be
> redressed by a favorable judicial decision." *Id.* at 477; *see also
> Maleng v. Cook*, 490 U.S. 488, 492 (1989) (holding that habeas
> petitioner does not remain "in custody" after the sentence imposed
> has fully expired merely because of the possibility that the prior
> conviction will be used to enhance sentences imposed for any
> subsequent crimes of which he is convicted); *United States v.
> Romera-Vilca*, 850 F.2d 177, 179 (3d Cir. 1988) (holding that
> prisoner's motion to vacate his conviction was not mooted when he
> was released from custody, where he faced potential deportation
> as a collateral consequence of conviction.

Thus, an inmate must be in-custody for the particular conviction the habeas seeks to

dispute. *Obado v. New Jersey*, 318 F.3d 716, 717 (3d Cir. 2007). In order to establish the

"in-custody" requirement of § 2254, the Petitioner need not be physically confined. *See

Maleng v. Cook*, 490 U.S. 488, 491 (1989). As stated, it is clear that Plaintiff is no longer

confined in prison based on his Lebanon County criminal case CP-38-CR-573-2011 and, it

is clear that Plaintiff is presently serving his sentence in his Lebanon County criminal case CP-38-CR-557-2011 imposed by the Lebanon County Court on August 22, 2012. It is further clear that Plaintiff has not yet exhausted his state court remedies with respect to his August 22, 2012 judgment of sentence in criminal case CP-38-CR-557-2011. Therefore, we will recommend that Plaintiff 's request to be released from prison be dismissed without prejudice to file a §2254 habeas petition after he fully exhausts his state court remedies with respect to his August 22, 2012 judgment of sentence in criminal case CP-38-CR-557-2011. Plaintiff can file a petition for writ of habeas corpus under 28 U.S.C. §2254 with this federal court, after he exhausts his state court remedies in criminal case CP-38-CR-557-2011, insofar as he alleges that his present confinement in Lebanon County Correctional Facility is unlawful and he seeks to be released from prison. *See Defoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005).

We also find that any action by Plaintiff with respect to his claim that his present confinement in Lebanon County Correctional Facility is unlawful and with respect to his request to be released from prison will necessarily imply the invalidity of his conviction and sentence in criminal case CP-38-CR-557-2011 and, that Plaintiff's attempt to seek damages in this §1983 action regarding his criminal case CP-38-CR-557-2011 is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See Burke v. Twp. of Cheltenham*, 742 F.Supp.2d at 668-69.

In the present case, we also find Plaintiff is claiming, in part, that he was illegally confined in Lebanon County Correctional Facility from January 21, 2011 until August 25,

2011, with respect to his now dismissed criminal case CP-38-CR-573-2011, and he requests money damages for this time he spent in prison. As discussed, a § 2254 habeas petition is the proper vehicle for Plaintiff to raise a claim challenging the execution of his sentence in criminal case CP-38-CR-557-2011. However, as §1983 action is the vehicle for Plaintiff to raise his claim that his past confinement in county prison with respect to his dismissed criminal case CP-38-CR-573-2011 was unconstitutional, and he can seek money damages for each day he was allegedly confined in prison illegally. As stated, the Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the constitution, but is not challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499, 93 S. Ct. 1827 (1973).

Thus, we find that Plaintiff's challenge to the legality of his confinement in Lebanon County Prison on January 21, 2011, with respect to his arrest in criminal case CP-38-CR-573-2011, may be properly brought in a civil rights action. *See Crouse, supra; Groman, supra*. Plaintiff alleges that his incarceration in Lebanon County Prison after his January 21, 2011 arrest, with respect to his criminal case CP-38-CR-573-2011, was unconstitutional. In *Crouse* the Court stated that "[w]hen law enforcement officers lack probable cause to make an arrest, 'the arrestee has a claim under §1983 for false imprisonment based on a detention pursuant to that arrest.'" 668 F.Supp. 2d at 673(citing *Groman*, 47 F.3d at 636). As discussed below, we will recommend that Plaintiff permitted to amend his false imprisonment claim against Defendant Saul.

We find that Defendant ADA Eisenhart should be dismissed from this case based on prosecutorial immunity. Plaintiff has named ADA Eisenhart as a Defendant due to her criminal

prosecution of Plaintiff in the drug case CP-38-CR-573-2011. Plaintiff alleges that Defendant ADA Eisenhart acted as a cover up for the drug task force when she prosecuted him with respect to the drug charges Defendant Saul filed against him on January 21, 2011, in criminal case CP-38-CR-573-2011.  As stated, Plaintiff's Docket in criminal case CP-38-CR-573-2011 reveals that Defendant ADA Eisenhart was the prosecutor at Plaintiff 's March 5, 2012 jury trial which ended in a mistrial on March 7, 2012.  On July 9, 2012, the Lebanon County District Attorney's Office moved to nolle pros the drug charges against Plaintiff in criminal case CP-38-CR-573-2011 and the Court granted the motion.

We find that Defendant ADA Eisenhart is entitled to prosecutorial immunity. The issue arises as to whether Plaintiff's claims, insofar as he is seeking damages against Defendant ADA Eisenhart, should be dismissed because prosecutors enjoy absolute immunity when performing official duties during a criminal prosecution of a defendant.  *See Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984 (1976)*; Yarris v. County of Delaware,* 465 F.3d 129, 136 (3d Cir. 2006)(Absolute immunity applies to any acts the prosecutor takes "as the state's advocate")*;  Sanders v. Downs*, 420 Fed.Appx. 175, 180 (3d Cir. 2011)(citation omitted).

A District Attorney is entitled prosecutorial immunity with respect to a Plaintiff's request for monetary damages if they are based on the District Attorney's performance of his or her official duties in prosecuting Plaintiff.  *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa.  2007); *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Radocesky v. Munley*, 247 Fed. Appx. 363, 365 (3d Cir. 2007)("The decision whether or not to initiate or prosecute a case is completely discretionary with prosecutors and also is absolutely immunized from a suit for damages.")(citing *Imbler v. Pachtman*,

424 U.S. 409 (1976)).

In *Light v. Haws*, 472 F. 3d 74, 77-78 (3d Cir. 2007), the Third Circuit stated:

> "Most public officials are entitled only to qualified immunity" from
> Section 1983 actions. *Yarris v. County of Delaware,* 465 F.3d 129, 135
> (3d Cir.2006); *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct.
> 2606, 125 L.Ed.2d 209 (1993) (ordinarily, "[q]ualified immunity
> represents the norm") (internal quotation marks and citations omitted).
> Nonetheless, in *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47
> L.Ed.2d 128 (1976), the Supreme Court held that, in light of the immunity
> historically accorded prosecutors at common law, state prosecutors
> are absolutely immune from liability under § 1983 for actions performed
> in a quasi-judicial role. *Id.* at 427, 431, 96 S.Ct. 984. This protection is
> "not grounded in any special esteem for those who perform these
> functions, and certainly not from a desire to shield abuses of office, but
> because any lesser degree of immunity could impair the judicial process
> itself." *Kalina v. Fletcher,* 522 U.S. 118, 127, 118 S.Ct. 502, 139 L.Ed.2d
> 471 (1997) (internal quotation marks and citations omitted). This court
> has since amplified that "participation in court proceedings and
> other conduct intimately associated with the judicial phases of litigation"
> are "actions performed in a quasi-judicial role." *Carter v. City of
> Philadelphia,* 181 F.3d 339, 356 (3d Cir.1999) (internal quotation marks
> and citations omitted). We have given as other examples of prosecutorial
> actions that warrant absolute immunity, "acts undertaken by a
> prosecutor in preparing for the initiation of judicial proceedings or for trial,
> and which occur in the course of his role as an advocate for the State[.]"
> *Yarris,* 465 F.3d at 135 (internal quotation marks and citations omitted);
> *McArdle v. Tronetti,* 961 F.2d 1083, 1085 (3d Cir.1992) (holding that
> prison physician and prison counselor were absolutely immune as to
> their testimony in court and psychiatric reports to the judge, as that was
> an "integral part of the judicial process").

We find that even though Plaintiff does not sufficiently state the personal involvement of

Defendant ADA Eisenhart with respect to his claims, it is clear that Defendant ADA Eisenhart's

involvement is as one of the prosecutors in Plaintiff's criminal case CP-38-CR-573-2011.  Thus, we

find that the instant claims Plaintiff is asserting against Defendant ADA Eisenhart are closely tied to

the judicial phase of the criminal proceedings filed against Plaintiff in criminal case CP-38-CR-573-2011 as to render her absolutely immune from any request for money damages Plaintiff is making. *See Imbler v. Pachtman,* 424 U.S. at 421. In fact, as indicated, Plaintiff is only seeking money damages as against Defendant ADA Eisenhart.

As such, we find that insofar as Plaintiff is seeking damages against Defendant ADA Eisenhart his claims are precluded by absolute prosecutorial immunity. Thus, we will recommend that since Plaintiff only seeks damages as against Defendant ADA Eisenhart, this Defendant be dismissed with prejudice. We find futility of any amended pleading with respect to Plaintiff's damages claims against Defendant ADA Eisenhart since we find that they are precluded by absolute prosecutorial immunity. *See Light, supra.*

Therefore, we will recommend that Defendant ADA Eisenhart be dismissed with prejudice. Based upon the above, we find that the Court should not allow Plaintiff to amend his Complaint with respect to Defendant ADA Eisenhart since we find it would be futile to permit amendment as to this Defendant. *See Grayson v. Mayview State Hospital*, 293 F.3d at 111; *Alston v. Parker*, 363 F.3d at 235-236.

We also find that Defendant Deiderick, the Chief Lebanon County Public Defender who was appointed by the Lebanon County Court to represent Plaintiff as his stand-by defense counsel in Plaintiff's criminal case CP-38-CR-573-2011 be dismissed with prejudice since he is not a state actor. We find Plaintiff's Complaint fails to state a cognizable claim under §1983 as against Defendant Deiderick. In *Hagins v. Spina*, 267 Fed. Appx. 118, 119-120 (3d Cir. 2008), the Third Circuit Court agreed with the District Court that a defense counsel's representation of Plaintiff

Hagins in Plaintiff's criminal case did not constitute an act under color of state law.

The *Hagins* Court stated:

> We agree with the District Court's analysis. A viable § 1983 claim must be based on a right secured by the Constitution and laws of the United States. Further, "[t]o make a prima facie case under § 1983, the plaintiff must demonstrate that a person acting under color of law deprived him of a federal right." *Berg v. County of Allegheny,* 219 F.3d 261, 268 (3d Cir.2000) (citing *Groman v. Twp. of Manalapan,* 47 F.3d 628, 633 (3d Cir.1995)). Under the circumstances related by his complaint, Hagins cannot show the deprivation of a constitutional right through state action. As the District Court noted, Spina's representation of Hagins does not render Spina a "person acting under color of state law" under § 1983. *See Polk v. County of Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel). Further, Spina's actions denied Hagins the benefit of no identifiable constitutional right.

*Id*. at 119-120.

Based on *Polk*, we will recommend that Plaintiff's action be dismissed with prejudice as against Defendant Deiderick, Lebanon County Public Defender, since it fails to state a cognizable claim against this Defendant under §1983. *See Polk v. County of Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445 (1981).

Plaintiff he avers that his constitutional rights were violated by Defendant Deiderick since this Defendant was incompetent and intentionally deprived him of his right to effective assistance of counsel, and that Deiderick tried to coerce him to commit perjury in his criminal case CP-38-CR-573-2011. As mentioned, Plaintiff's Docket in criminal case CP-38-CR-573-2011 indicates that at trial on March 7, 2012, while Defendant Deiderick was Plaintiff's court appointed stand-by defense counsel, a mistrial occurred, and that on July 9, 2012, the Court nolle prossed the case in its entirety. Thus, the record does not appear to show that Defendant Deiderick was incompetent and

deprived Plaintiff of his right to effective assistance of counsel criminal case CP-38-CR-573-2011.

In any event, we find that Defendant Deiderick, as Plaintiff's court appointed stand-by defense counsel in his criminal case CP-38-CR-573-2011, was not a state actor. It is not clear from the Criminal Docket in Plaintiff's criminal case CP-38-CR-573-2011 if Defendant Deiderick actually represented Plaintiff, as opposed to being stand-by counsel for Plaintiff's trial, for other proceedings in the case. We find that Defendant Deiderick was not a state actor regardless of the fact that he was Plaintiff's stand-by defense counsel at trial since Deiderick was appointed by the state court to assist Plaintiff in his criminal case CP-38-CR-573-2011. *See Polk v. County of Dodson, supra*; *Goodson v. Maggi*, 797 F.Supp.2d 624, 637-38 (W.D. Pa. 2011)("Court appointed counsel ... does not qualify as a state actor for purposes of §1983.")(citations omitted).

In *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *6 (M.D. Pa.), the Court stated:

Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors. *Kneipp v. Tedder,* 95 F.3d 1199, 1204 (3d Cir.1996). To establish a claim under this section, the plaintiff must show a deprivation of a "right secured by the Constitution and the laws of the United States ... by a person acting under color of state law." *Id.* (quoting *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1141 (3d Cir. 1995))

*See also Pitchfork v. Bor. of Munhall*, 631 F.Supp.2d 636, 651-52 (W.D. Pa. 2007); *Brookhart v. Rohr*, 385 Fed. Appx. 67, 69 (3d Cir. 2010).

This principle applies with particular force to civil rights Plaintiffs like Santiago, who attempt to seek federal courts to consider lawsuits against their own criminal defense counsel. With respect to this state action requirement, it is well-settled that the conduct of an attorney, representing a client in a criminal case, does not by itself rise to the level of state action entitling a prisoner to bring a federal civil rights actions against his own prior counsel. *See, e.g., West v. Atkins*, 487 U.S. 42, 50

(1988); *Polk County v. Dodson*, 454 U.S. 312 (1981); *Pete v. Metcalfe*, 8 F.3d 214 (5th Cir. 1993).

Clearly, Defendant Deiderick is not state actor. In *Corliss v. O'Brien*, 200 Fed.Appx. 80, 84 (3d Cir. 2006), the Court stated:

> The allegations against defendants Germano and Quigley pertain to their representation of the defendant in state court criminal and post-conviction proceedings. Their representation, alone, does not render either of them a "person acting under color of state law" under § 1983. *See Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel).

As stated, in order to bring suit under federal civil rights laws, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. *Kost v. Kozakiewicz,* 1 F.3d 176, 184 (3d Cir.1993) (listing elements of a civil rights claim). The United States Supreme Court has determined that a defense attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel in a criminal proceeding." *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445 (1981) (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.,* 184 F.3d 268, 277 (3d Cir.1999). This principle applies if the defense attorney is court-appointed and if defense counsel is privately retained. *Black v. Bayer,* 672 P.2d 309 (3d Cir.), *cert. denied,* 459 U.S. 916, 103 S.Ct. 229, (1982).

We find that Plaintiff's claim that his stand-by court appointed defense attorney intentionally provided ineffective representation should be dismissed since Defendant Deiderick is not a state actor. While a non-state actor who conspires with a state actor may be liable in a civil rights action, Plaintiff does not allege that Defendant Deiderick acted in concert with any state actor in his criminal case CP-38-CR-573-2011 to intentionally provide ineffective representation. *See Dennis v.*

22

*Sparks,* 449 U.S. 24, 27-28, 101 S.Ct. 183 (1980)(Liability under §1983 against a private citizen would only attach if a private party conspired with a state actor); *Young v. Kann,* 926 F.2d 1396, 1405 n. 16 (3d Cir.1991)(conspiracy claims may be dismissed when based on plaintiff's mere suspicion and speculation). In fact, as stated, the charges filed against Plaintiff in criminal case CP-38-CR-573-2011 were dismissed after there was a mistrial. Thus, we find that Defendant Deiderick, Plaintiff's court appointed stand-by defense attorney in criminal case CP-38-CR-573-2011, should be dismissed from this action with prejudice.

As mentioned, the Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d at 111; *Alston v. Parker*, 363 F.3d at 235-236. Based upon the above, we find that it would be futile and prejudicial to Defendant Deiderick to allow Plaintiff to amend his pleading against this Defendant. It is clear that Plaintiff simply cannot maintain his §1983 action against his former stand-by defense counsel since he is not a state actor.

Finally, we find that Plaintiff's constitutional claims for false arrest and unlawful imprisonment against remaining Defendant Detective Saul regarding Saul's January 21, 2011 arrest of Plaintiff in criminal case CP-38-CR-573-2011 should be dismissed without prejudice to allow Plaintiff to amend these claims. Plaintiff alleges that Defendant Saul illegally arrested him on January 20, 2011, and unlawfully imprisonment him at Lebanon County Correctional Facility in criminal case CP-38-CR-573-2011.

The Court in *Burke,* 742 F.Supp. 2d 669, stated:

In evaluating a false arrest claim, "[t]he proper inquiry ... is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Groman v. Township of Manalapan,* 47 F.3d 628, 634 (3d Cir.1995) (quoting *Dowling v. City of Phila.,* 855 F.2d 136, 141 (3d Cir.1988)) (internal punctuation omitted). Moreover, "where the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Id.* at 636 (citing *Thomas v. Kippermann,* 846 F.2d 1009, 1011 (5th Cir.1988)).

*See also Crouse v. South Lebanon Tp.*, 668 F.Supp. 2d 664, 672 (M.D. Pa. 2009)("Claims of unlawful arrest, false imprisonment, and malicious prosecution under the Fourth Amendment each require a Plaintiff to show that he or she was arrested wwithout probable cause.")(citations omitted).

In the present case, we find that Plaintiff Santiago has not sufficiently stated a false arrest claim and a false imprisonment claim against Defendant Saul.  It is not clear if Defendant Saul possessed probable cause sufficient to arrest Plaintiff on January 21, 2011, in  criminal case CP-38-CR-573-2011. Further, Plaintiff does not make an allegation that  Defendant Saul acted without probable cause.  "Probable cause to arrest requires 'proof of facts and circumstances that would convince a reasonable, honest' officer that the person arrested has committed a crime." *Id.*(citations omitted).  Also, even though the three drug charges Defendant Saul filed against Plaintiff  in criminal case CP-38-CR-573-2011 were ultimately nolle prossed, this does not necessarily show that Saul lacked probable cause to arrest Plaintiff on January 21, 2011.  Rather, it depends on whether Defendant Saul had probable cause   to believe that Plaintiff committed the drug offenses on January 21, 2011.  *Id.*   We find that it would not be futile for the Court to allow Plaintiff to amend the stated claims against Defendant Saul.  Thus, we will recommend that the

Court dismiss without prejudice Plaintiff's constitutional claims against Defendant Saul.

## IV.     RECOMMENDATION.

Based on the foregoing, it is respectfully recommended that Plaintiff's claims for monetary damages against Defendants in their official capacities be dismissed with prejudice.    It is recommend that Defendant Lebanon County be dismissed without prejudice.   Also, it is recommended that Plaintiff's request that he be released from Lebanon County Correctional Facility and his challenge to his present confinement in Lebanon County Correctional Facility  as a result of his conviction and sentence in  criminal case CP-38-CR-557-2011 be dismissed without prejudice to pursue in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 after Plaintiff exhausts his state court remedies.

Additionally, it is recommended that Defendant ADA Eisenhart be dismissed from this case with prejudice based on prosecutorial immunity.   Further, it is recommended that Defendant Deiderick be dismissed from this action with prejudice.    Finally, it is recommended that the Court dismiss without prejudice Plaintiff's constitutional claims against Defendant Saul.

It is also recommended that this case be remanded to the undersigned for further proceedings.

**s/ Thomas M. Blewitt**

**THOMAS M. BLEWITT**

**United States Magistrate Judge**

**Dated: October 31, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMAS SANTIAGO, | : | CIVIL ACTION NO. **1:CV-12-2007** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | (Magistrate Judge Blewitt) |
| | : | |
| v. | : | |
| | : | |
| ADAM SAUL, *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **October 31, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the magistrate judge, making
> his or her own determination on the basis of that record.  The judge may also receive further
> evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                        s/ Thomas M. Blewitt
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**



**Dated:  October 31, 2012**