IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMAS SANTIAGO, | : | CIVIL ACTION NO. **1:CV-12-2007** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| ADAM SAUL, *et al.*, | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.    BACKGROUND.

On October 5, 2012, Plaintiff Dimas Santiago, an inmate at the Lebanon  County
Correctional Facility ("LCCF"), Lebanon, PA,  filed, *pro se*, this instant civil rights action
under 42 U.S.C.  § 1983.[1]  (Doc. 1). Plaintiff named the following four (4) Defendants in his
original Complaint: Adam Saul, Detective with the Lebanon County drug task force; Nicole
Eisenhart, Lebanon County District Attorney; Brian Deiderick, Lebanon County Chief Public
Defender; and  Lebanon County.  Plaintiff also filed a Motion for Leave to Proceed *in forma
pauperis*.  (Doc. 2).

We screened Plaintiff's original Complaint as required by the PLRA, and issued our
Document 8 Report and Recommendation ("R&R") on October 31, 2012. (Doc. 8).  Plaintiff
filed Objections to our R&R.  The Court adopted our R&R by an Order issued on December

_____

[1]Plaintiff's Complaint was submitted on a "Form to be Used by a Prisoner in a Civil
Rights Complaint" and, on the face of the form Civil Rights Complaint,  Plaintiff indicated
that his Complaint was filed pursuant to 42 U.S.C. § 1983.  The Court has jurisdiction over
this case pursuant to 28 U.S.C. §1331 and §1343(a).

11, 2012, in which the Court directed as follows: (1) Plaintiff's claims for monetary damages against Defendants in their official capacities are dismissed with prejudice; (2) Plaintiff's request to be released from Lebanon County Correctional Facility and challenge to his present confinement are dismissed without prejudice to file a habeas petition under 28 U.S.C. §2254; (3) Defendant ADA Eisenhart is dismissed with prejudice on the basis of prosecutorial immunity; (4) Plaintiff's claims against Defendant Lebanon County and Defendant Saul are dismissed without prejudice; and (5) Plaintiff is granted leave to file an amended Complaint within twenty (20) days of the date of the order. (Doc. 11).

On December 28, 2012, Plaintiff filed his Amended Complaint against Defendants Lebanon County and Adam Saul. (Doc. 12). On January 2, 2013, we issued an Order granting Plaintiff's Document 2 Motion for Leave to Proceed *in forma pauperis* and issued an Order directing the Summons and Plaintiff's Amended Complaint to be served on the two remaining Defendants, namely, Lebanon County and Adam Saul. (Docs. 13 and 14).

On January 7, 2013, Plaintiff filed his Document 15 Motion to Appoint Counsel. On January 11, 2013, we issued an Order and denied Plaintiff's Motion to Appoint Counsel. (Doc. 16).

On February 6, 2013, the Wiaver of Service was returned as to both Defendants, and Defendants's responses to Plaintiff 's Amended Complaint were due on March 5, 2013. (Doc. 18).

On March 5, 2013, Defendants jointly filed, in a timely manner, a Motion to Dismiss Plaintiff 's Amended Complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim.

(Doc. 19). Defendants also simultaneously filed their support brief. (Doc. 20). Plaintiff has not yet filed his opposition brief to Defendants' Motion to Dismiss and his time to do so has not yet expired.

On March 6, 2013, Plaintiff filed a 2-page handwritten Motion for Summary Judgment which is essentially a Motion for Default Judgment. (**Doc. 21**). Plaintiff incorrectly states that Defendants failed to timely respond to his Amended Complaint and that he is entitled to judgment against Defendants in the amount of $250 million. On March 6, 2013, Defendants responded to Plaintiff's Motion for Summary Judgment and correctly state that they did, in fact, timely respond to Plaintiff's Amended Complaint. (Doc. 22).

We now issue this R&R and recommend that Plaintiff's Motion for Summary Judgment be dismissed.

## II. DISCUSSION.

As stated, we construe Plaintiff's Motion for Summary Judgment as a Motion for Default Judgment. Rule 55(a) of the Federal Rules of Civil Procedure allows a Plaintiff to file a request for entry of default with the Clerk of Court based on a Defendant's failure to file a responsive pleading or defense in accordance with Federal Rule of Civil Procedure 12(a)(1)(A). Rule 55(a) states, "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed.R.Civ.P. 55(a).

Because Defendants were served under Rule 4(d) of the Federal Rules of Civil

Procedure, the time limit by which Defendants were required to file a responsive pleading is

governed by Rule 4(d)(3), which is as follow:

> *Time to Answer After a Waiver.* A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent—or until 90 days after it was sent to the defendant outside any judicial district of the United States.

Fed.R.Civ.P. 4(d)(3).

In *George v. Pennsylvania Dept. of Corrections*, 2010 WL 936778, *9 (M.D. Pa.

March 11, 2010), the Court stated:

> Mr. George claims that the DOC defendants failed to file a timely answer/pleading to his Complaint. Without unnecessary elaboration, Plaintiff's motion for default (doc. 18) will be denied. According to the docket, Mr. George filed the Complaint in this matter on June 24, 2009. The Court directed service of the Complaint on July 17, 2009. (Doc. 5.)

> Pursuant to the Waivers issued, an answer or motion under Fed.R.Civ.P. 12 is due 60 days after the date the request for waiver is returned. In this case, on July 23, 2009, all of the DOC defendants, except for John Doe, returned their Waivers of Service. *See* Docs. 6 and 13. Thus, the DOC defendants were to answer or file a response to the Complaint on or before September 21, 2009. The DOC defendants filed a timely motion to dismiss on September 21, 2009. (Doc. 14.) The DOC defendants then filed a timely brief in support of their motion on October 5, 2009. (Doc. 17.) Mr. George then filed a motion for default asserting that the DOC defendants failed to answer or otherwise file a response to the Complaint noting that he had not received any response from the DOC defendants. (Doc. 18.) Yet, on October 27, 2009, Plaintiff filed his brief in opposition to the DOC defendants' motion to dismiss. (Doc. 20.)

> Pursuant to Fed.R.Civ.P. 55(a), a party can only be held in default when they have failed to plead or otherwise defend. Here, the DOC's motion to dismiss was timely filed and the record is clear that Mr. George received a copy of defendants' motion as evidenced by his response to it. As such, the

DOC defendants are not in default, and Mr. George's motion for entry of default is without merit.

Therefore, because Defendants waived service on January 4, 2013, in accordance with Rule 4(d), their responsive pleadings were not due until sixty (60) days after that date, which was March 5, 2013. (Doc. 18). As stated, both Defendants filed their joint Motion to Dismiss on March 5, 2013, which falls within the sixty (60) day limitations period. (Doc. 19). Therefore, Plaintiff's argument in his Document 21 Motion for Summary Judgment Declaration fails because Defendants all filed a timely response his Amended Complaint.

Accordingly, we will recommend that the Court dismiss Plaintiff's Motion for Summary Judgment (Doc. 21) as Defendants have timely filed their response to Plaintiff's Amended Complaint within the sixty (60) day period provided by Rule 4(d)(3).

IV.     **RECOMMENDATION**.

Based on the foregoing discussion, it is respectfully recommended that Plaintiff's Motion for Summary Judgment **(Doc. 21)** be **DISMISSED**.


                              s/ Thomas M. Blewitt
                              **THOMAS M. BLEWITT**
                              **United States Magistrate Judge**


**Dated: March 8, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DIMAS SANTIAGO,                     :        CIVIL ACTION NO. **1:CV-12-2007**
                                    :
              Plaintiff             :        (Judge Conner)
                                    :
                                    :        (Magistrate Judge Blewitt)
              v.                    :
                                    :
ADAM SAUL, *et al.*,                :
                                    :
              Defendants            :


## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **March 8, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof. Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections. The briefing
> requirements set forth in Local Rule 72.2 shall apply. A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge. The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.

Failure to file timely objections to our foregoing Report and Recommendation may

result in a waiver of any appellate rights.




_____       **s/ Thomas M. Blewitt**
                                **THOMAS M. BLEWITT**
                                **United States Magistrate Judge**


**Dated: March 8 , 2013**