IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMAS SANTIAGO, | : | CIVIL ACTION NO. **1:CV-12-2007** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| ADAM SAUL, *et al.*, | : | |
| | : | |
| Defendants | : | |

## <u>REPORT AND RECOMMENDATION</u>

## I.   BACKGROUND.

On October 5, 2012, Plaintiff Dimas Santiago, formerly an inmate at the Lebanon  County

Correctional Facility ("LCCF"), Lebanon, PA,  filed, *pro se*, this instant civil rights action under 42

U.S.C.  § 1983.[1]  (Doc. 1). Plaintiff named the following four (4) Defendants in his original

Complaint: Adam Saul, Detective with the Lebanon County Drug Task Force; Nicole Eisenhart,

Lebanon County District Attorney; Brian Deiderick, Lebanon County Chief Public Defender; and

Lebanon County.  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*.[2]  (Doc. 2).

---

[1]Plaintiff's Complaint was submitted on a "Form to be Used by a Prisoner in a Civil Rights Complaint" and, on the face of the form Civil Rights Complaint,  Plaintiff indicated that his Complaint was filed pursuant to 42 U.S.C. § 1983.  The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 and §1343(a).
  Plaintiff notified the Court on May 2, 2013, that he was recently transferred from LCCF to SCI-Camp Hill.  (Doc. 32).

[2]We note that inmate Santiago has filed two other civil rights actions in the Middle District, namely, 1:13-CV-0292 and 1:13-CV-0587.  Santiago also filed a §2254 petition for writ of habeas corpus with this Court, 1:13-CV-0749. We have issued R&R's in all three of Santiago's other cases.

In his original Complaint, Plaintiff alleged the following:

> 1. On or about January 20, 2011[,] Detective Adam Saul of the Lebanon drug task force [L.D.T.F.] illegally arrested and imprison[ed] [Plaintiff] Santiago[.] [P]articipating with Adam Saul was Detective Ryan Mong also of the L.D.T.F.
>
> 2. District Attorney Nicole Eisenhart acted as a covered (sic) up for the task force when she intented (sic) to prosecuted [Plaintiff] for fabricated charges of drugs and [in] the process violated [Plaintiff 's] constitutional rights.
>
> 3. Chief Public Defender Brian Deiderick was [incompetent] intentionaly (sic) and [maliciously] deprived me of my rights of [effective] counsel and try to coerce me his client to [commit] perjury.

(Doc. 1, p. 2).

> As relief, Plaintiff requested the following:

> 1. I want to be released from prison [and] [$] 10,000[,]000.
> 2. I want [$]3,000[,]000 compensation for every day I did in jail and barred the attorney from ever practicing law in the United States of America.
> 3. I want [$]1,000[,]000 and barred the attorney from ever practice law again.

(Doc. 1, p. 3).

We screened Plaintiff's original Complaint as required by the the Prison Litigation Reform Act of 1995 (the "PLRA"),[3] and issued our Document 8 Report and Recommendation ("R&R") on October 31, 2012. (Doc. 8). Plaintiff filed Objections to our R&R. The Court adopted our R&R by an Order issued on December 11, 2012, in which the Court directed as follows: (1) Plaintiff's claims for monetary damages against Defendants in their official capacities are dismissed with prejudice; (2) Plaintiff's request to be released from Lebanon County Correctional Facility and challenge to his present confinement are dismissed without prejudice to file a habeas petition

---

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

under 28 U.S.C. §2254; (3) Defendant ADA Eisenhart is dismissed with prejudice on the basis of prosecutorial immunity; (4) Plaintiff's claims against Defendant Lebanon County and Defendant Saul are dismissed without prejudice; and (5) Plaintiff is granted leave to file an amended Complaint within twenty (20) days of the date of the order. (Doc. 11).

On December 28, 2012, Plaintiff filed his Amended Complaint against Defendants Lebanon County and Adam Saul. (Doc. 12). On January 2, 2013, we issued an Order granting Plaintiff's Document 2 Motion for Leave to Proceed *in forma pauperis* and, issued an Order directing the Summons and Plaintiff's Amended Complaint to be served on the two remaining Defendants, namely, Lebanon County and Adam Saul. (Docs. 13 and 14).

On January 7, 2013, Plaintiff filed his Document 15 Motion to Appoint Counsel. On January 11, 2013, we issued an Order and denied Plaintiff's Motion to Appoint Counsel. (Doc. 16).

On February 6, 2013, the Waiver of Service was returned as to both Defendants, and Defendants' responses to Plaintiff 's Amended Complaint were due on March 5, 2013. (Doc. 18).

On March 5, 2013, the two remaining Defendants, Lebanon County and Saul, jointly filed, in a timely manner, a Motion to Dismiss Plaintiff's Amended Complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim. **(Doc. 19).** Defendants attached two Exhibits to their Motion, namely, a copy of the 3-page PA Superior Court Appeal Docket Sheet for Plaintiff's appeal of his Lebanon County conviction,[4] No. 1648 MDA 2012, and a copy of the Lebanon County District Attorney's Office Consent to Search Form which Plaintiff signed on 1-21-11, along with Detective

---

[4]We attach to our R&R a more recent copy of the PA Superior Court Appeal Docket Sheet for Plaintiff's appeal of his Lebanon County conviction, No. 1648 MDA 2012, than submitted by Defendants, Doc. 19-1.

Mong.  In the Consent Form, Plaintiff gave the Lebanon County Drug Task Force permission to search his New Street apartment, his cell phone and his car.  (Doc. 19-1 & 19-2).    Defendants also simultaneously filed their support brief.  (Doc. 20).   On March 19, 2013, Plaintiff filed his opposition brief to Defendants' Motion to Dismiss with several Exhibits attached.  (Doc. 27).   Defendants did not file a reply brief.

On March 6, 2013, Plaintiff filed a 2-page handwritten Motion for Summary  Judgment which is essentially a Motion for Default Judgment.  (Doc. 21).  Plaintiff incorrectly stated that Defendants failed to timely respond to his Amended Complaint and that he was entitled to judgment against Defendants in the amount of $250 million.     On March 6, 2013, Defendants responded to Plaintiff's  Motion for Summary Judgment and correctly stated that they did, in fact, timely respond to Plaintiff's Amended Complaint.  (Doc. 22).

We then issued an R&R on March 8, 2013, and recommended that Plaintiff's Doc. 21 Motion for Summary Judgment be dismissed.   (Doc. 24). On April 1, 2013, the Court adopted our R&R and dismissed Plaintiff's Doc. 21 Motion for Summary Judgment.  (Doc. 31).

On March 11, 2013, Plaintiff filed a second Motion to Appoint Counsel.   (Doc. 25). On March 19, 2013, we issued an Order and denied Plaintiff's second Motion to Appoint Counsel. (Doc. 28).

On March 27, 2013, Plaintiff filed a "Motion to Appeal" the Court's December 11, 2012 Order which held, in part, that Defendant ADA Eisenhart was dismissed with prejudice on the basis of  prosecutorial immunity.  **(Doc. 30)**. Based on our Doc. 8 R&R, we find that Defendant ADA Eisenhart was properly dismissed from this case with prejudice on the basis of  prosecutorial

immunity. *See Imbler v. Pachtman,* 424 U.S. 409, 431, 96 S.Ct. 984 (1976); *Yarris v. County of Delaware,* 465 F.3d 129, 136 (3d Cir. 2006)(Absolute immunity applies to any acts the prosecutor takes "as the state's advocate").  As such, we will recommend that Plaintiff's "Motion to Appeal" (Doc. 30) be denied.

We now consider Defendants Lebanon County and Saul's Motion to Dismiss Plaintiff's Amended Complaint.  **(Doc. 19)**.

## II.    STANDARDS OF REVIEW.

### A.      *42 U.S.C. § 1983*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); see *also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v.Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").   "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor."  *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra.* It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

**B.      *Motion to Dismiss***

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct.

1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual

and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly,* 550 U.S. at 555) (not precedential).

## III.    DISCUSSION.

As stated, on December 11, 2012, the Court  dismissed without prejudice Plaintiff's original

claims against Defendant Lebanon County and Defendant Detective Saul and, granted Plaintiff

leave to file an amended Complaint against these two Defendants within twenty (20) days of the

date of the Order.  (Doc. 11).   Plaintiff filed his Amended Complaint on December 28, 2012, and

Defendants moved to dismiss it under Rule 12(b)(6).  (Docs. 12 & 19).   We now consider

Defendants' Motion to Dismiss.

In his 4-page handwritten Amended Complaint, Plaintiff alleges that on January 20, 2011, at

10:45 p.m., he was leaving his friend's (Victor Lopez's) house and as he was driving away,

Defendant  Detective Adam Saul of the Lebanon County Drug Task Force told him to get out of his

car.  Plaintiff avers that Defendant Saul began to pat him down without his consent and confiscated

$155.00 from his pocket.  Plaintiff also states that Defendant  Saul entered his car and conducted a

search of it without his consent.  Plaintiff states that Defendant Saul did not find any drugs or

paraphanilia in his car, and that Saul then ordered another Drug Task Force detective (Mong) to

detain Plaintiff.  Plaintiff avers that Defendant  Saul then entered Lopez's house to search it.

Plaintiff avers that Defendant  Saul found marijuana in Lopez's house and falsely accused Plaintiff of

selling the marijuana to Lopez.  Plaintiff then states that on January 20, 2011, Defendant Saul

arrested him for delivery of marijuana.  Plaintiff states the Defendant Saul arrested him without

probable cause and falsely imprisoned him, and that the "probable cause obtained was all lies and

coercion on behalf of [Detective] Saul." (Doc. 12, pp. 1-2).  Plaintiff further avers that Defendant

Saul unlawfully detained and arrested him based "on a hunch or an unparticular (sic) suspicion."

(*Id.*, p. 3).

Additionally, Plaintiff alleges that Defendant Saul subsequently obtained his consent to search his apartment by "using Plaintiff's [prescribed] mental health medication 'Geodon' 80 mg. as leverage to obtain the consent." (*Id.*, p. 2). As mentioned, Defendants attached to their Doc. 19 Motion to Dismiss a copy of the Lebanon County District Attorney's Office Consent to Search Form, which Plaintiff signed on 1-21-11, along with Detective Mong. In the Consent Form, Plaintiff gave the Lebanon County Drug Task Force permission to search his New Street, Lebanon, PA, apartment, his cell phone and his car. (Doc. 19-1).

Plaintiff states that Defendant Lebanon County knew that Defendant Saul was violating the rights of its citizens since Saul violated the Wire Tap Act in another criminal case which was "overturned by the Higher Court." Plaintiff avers that Defendant Lebanon County did not sanction Defendant Saul for the Wire Tap Act violation and chose to back him up. Plaintiff further avers that Defendant Lebanon County "failed to oversee [Defendant] Saul['s] reckless behavior, and now [Defendant] Saul was forced to resign from the Lebanon [County] Drug Task Force for having sexual intercourse with one of his confidential informants who is also a 'Junkie.'" Plaintiff avers that Defendant Lebanon County failed to oversee Defendant Saul's reckless behavior and failed to implement "an agency like internal affairs." (*Id.*, pp. 2-3). Plaintiff states that the illegal actions of Defendant Saul also resulted in the police seizure of his vehicle and money for over one and a half years. It appears that Plaintiff subsequently received his vehicle and money back from the police. (*Id.*, p. 4).

Thus, Plaintiff alleges that Defendant Saul illegally arrested him for delivery of marijuana and imprisoned him. Plaintiff also alleges that Defendant Saul coerced him into signing the Consent Form to search his apartment on January 21, 2011. Plaintiff avers that his rights under the Fourth and Fourteenth Amendments were violated since the arrest by Defendant Saul was the result of "unreasonable search and seizure, coercion, perjury, illegal arrest, false imprisonment, and malicious prosecution." Plaintiff states that he was confined in LCCF for seven months due to the unconstitutional actions of Defendant Saul, and that he and his six minor children had to endure mental and emotional distress. (Doc. 12, pp. 2-4). Plaintiff also alleges that Defendant Lebanon County "maintained an unconstitutional custom policy that allowed [Detective] Adam Saul's violations of constitutional rights against Plaintiff." (*Id.*, p. 3).

As relief, Plaintiff requests compensatory damages in the amount of $250 million.[5] (*Id.*, p. 4).

As Defendants point out in their instant brief, Doc. 20, pp. 2-3, we stated several additional facts, of which we took judicial notice, regarding Plaintiff Santiago and his Lebanon County prosecution in our Doc. 8 R&R screening of Plaintiff's original Complaint. In our Doc. 8 R&R, pp. 7-9, we stated as follows:

Plaintiff is, in part, complaining about actions taken against him in his criminal

---

[5]To the extent that Plaintiff is seeking monetary damages for mental and emotional distress, we note that under 42 U.S.C. §1997e(e), he must allege in his amended pleading physical harm Defendants caused him. *See Allah v. Al-Hafeez*, 226 F. 3d 247, 251 (3d Cir. 2000); *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003); *Kantamanto v. King*, 651 F. Supp. 2d 313, 320 n. 1 (E.D. Pa. 2009)(inmate cannot obtain compensatory damages for pain and suffering in civil rights action since he did not allege any physical injury). Plaintiff does not appear to aver that Defendants caused him any physical harm.

case initiated on January 21, 2011, by Defendant Saul as the arresting officer, in Lebanon County Court of Common Pleas, namely, *Comm. of PA v. Dimas Santiago*, CP-38-CR-573-2011.[6]

Plaintiff also complains about his criminal prosecution in the Lebanon County Court on the drug charges filed against him on January 21, 2011. As noted, Plaintiff Santiago's claims do not relate to the conditions of his confinement at LCCF. Also, as discussed below, Defendant Detective Saul filed the charges against Plaintiff, Defendant ADA Eisenhart prosecuted Plaintiff, and Defendant Chief Public Defender Deiderick was Plaintiff's defense counsel.

Plaintiff 's Lebanon County Criminal Docket for case CP-38-CR-573-2011 indicates that Plaintiff was arrested on January 21, 2011, by a criminal complaint filed by Defendant Saul charging Plaintiff with three felony drug offenses, namely, two counts of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, 35 Pa.C.S.A. §780-113, and one count of conspiracy to manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, 35 Pa.C.S.A. §903(c). The Docket shows that the charged drug offenses occurred on January 20, 2011, that Plaintiff was arrested by Defendant Saul and confined in LCCF on this date, and that the charges were later bound over by a Magisterial District Judge for Lebanon County Court of Common Pleas. An Information was filed against Plaintiff charging him with the stated drug offenses on May 24, 2011. Plaintiff 's criminal jury trial commenced on March 5, 2012, with Plaintiff proceeding *pro se*, Defendant ADA Eisenhart prosecuting Plaintiff, and Defendant Deidercik was Plaintiff's stand-by defense counsel. The Lebanon County Court of Common Pleas declared a mistrial on March 7, 2012. The Commonwealth then moved to nolle pros (dismiss) the three [drug] charges against Plaintiff, and the Court granted the motion on July 9, 2012. Thus, Plaintiff was not convicted of the three drug charges Defendant Saul filed against him on January 21, 2011.

It also appears that as a result of the January 20, 2011 incident, Defendant Saul filed additional charges against Plaintiff for possession of a firearm by a prohibited person, 18 Pa.C.S.A. §6105, and receiving stolen property, 18 Pa.C.S.A. § 3925, in Lebanon County Court of Common Pleas,

_____

[6]We noted that we obtained a copy of Plaintiff Santiago's Lebanon County Criminal Docket for case number CP-38-CR-573-2011 at http://ujsportal.pacourts.us. We took judicial notice of Plaintiff's Lebanon County Criminal Docket. The Docket indicated that Plaintiff was represented by Defendant Deiderick and prosecuted by Assistant District Attorney ("ADA") Eisenhart.

namely, *Com. of PA v. Dimas Santiago*, CP-38-CR-557-2011.[7] Plaintiff had a joint criminal jury trial on both the CP-38-CR-573-2011 and the CP-38-CR-557-2011 cases, and a mistrial occurred with respect to both cases. Plaintiff was re-tried only in the CP-38-CR-557-2011 case on July 10, 2012, and he was found guilty by a jury of the possession of firearm by a prohibited person charge. On August 22, 2012, Plaintiff was sentenced in case CP-38-CR-557-2011 to a minimum of 4 years to a maximum of 8 years in prison. The receiving stolen property charge was dismissed. Plaintiff filed a notice of appeal in the CP-38-CR-557-2011 case to the Pennsylvania Superior Court and this appeal is still pending.

Defendants now state in addition to the above facts, that Plaintiff was given jail credit for the pre-trial time he served "against his sentence on the firearm charge arising out of the January 21, 2011 arrest." (Doc. 20, p. 3). Defendants also state that "on February 14, 2013[,] Plaintiff's appeal to the [PA] Superior Court on his firearms conviction was dismissed." As stated, Defendants attached the Superior Court's Appeal Docket Sheet in Plaintiff's appeal case, 1648 MDA 2012, as Exhibit 1 to their present Motion, Doc. 19-1. As noted, we have obtained a more recent Superior Court Appeal Docket Sheet in Plaintiff's appeal case, 1648 MDA 2012, and have attached it to this R&R. The Superior Court Appeal Docket sheet indicates that on February 14, 2013, the appeals Court issued a Per Curiam Order and dismissed Plaintiff's direct appeal of his conviction on the possession of firearm by a prohibited person charge since Plaintiff's counsel failed to file a brief.[8]

---

[7]We have obtained a copy of Plaintiff Santiago's Lebanon County Criminal Docket for case number CP-38-CR-557-2011 at http://ujsportal.pacourts.us. We take judicial notice of Plaintiff's Lebanon County Criminal Docket.

[8]When we issued our April 14, 2013 R&R in Santiago's §2254 habeas case, Civil No. 13-0749, M.D. Pa., we stated that Petitioner filed a Notice of Appeal in his CP-38-CR-557-2011 Lebanon County criminal case to the Pennsylvania Superior Court, 1648 MDA 2012, and that his direct appeal was still pending. We thus recommended that Petitioner's habeas petition be dismissed without prejudice for failure to exhaust his state court remedies. In

(Doc. 19-1, p. 3).

Thus, as stated, Plaintiff Santiago filed a Notice of Appeal in the CP-38-CR-557-2011 case with the Pennsylvania Superior Court, Appeal No. 1648 MDA 2012, and his direct appeal was dismissed by the Superior Court on February 14, 2013. Also, as noted, we have obtained a more recent copy of Plaintiff's Appeal Docket Sheet and it indicates that on April 19, 2013, the Superior Court removed Santiago's former appellate counsel from the Docket and appointed new appellate counsel for Santiago. Also, on April 26, 2013, Santiago filed two Applications for Relief with the Superior Court, one was in the nature of a "Motion to appeal on collateral attack" and the other was regarding the Superior Court's dismissal of his direct appeal with the Comment on the Appeal Docket Sheet reading "Petition to resolve Superior Court of PA dismissal of direct appeal." Santiago's two Applications appear to be still pending with the Superior Court.

---

our R&R in Santiago's §2254 habeas case, 13-0749, we relied on Petitioner Santiago's Lebanon County Criminal Docket for case number CP-38-CR-573-2011, at http://ujsportal.pacourts.us., which indicated that Santiago's appeal was still pending with the Superior Court. When we realized that Pennsylvania Superior Court dismissed Santiago's direct appeal in 1648 MDA 2012, for failure of his counsel to file an appellate brief, we issued a Supplemental R&R in his §2254 habeas case, on April 29, 2013. *See* Civil No. 13-0749.

In our Supplemental R&R, we found that despite the fact that the Pennsylvania Superior Court dismissed Santiago's direct appeal in 1648 MDA 2012, for failure of his counsel to file an appellate brief, Santiago still has state court remedies available to him to challenge his judgment of sentence in Lebanon County case number CP-38-CR-573-2011. We also stated that Santiago may have procedurally defaulted his habeas claims in his 13-0749 habeas petition, challenging his judgment of sentence in Lebanon County case number CP-38-CR-573-2011 by failing to file an appellate brief with Superior Court and by not perfecting his direct appeal.

In support of their instant Motion to Dismiss Plaintiff's Amended Complaint, Defendants first argue that Plaintiff failed to state constitutional claims under §1983 for false arrest, false imprisonment and malicious prosecution. Defendants also argue that Plaintiff's constitutional claims against them are *Heck* barred. Defendants further contend that Plaintiff did not state claims for unreasonable search and seizure, perjury and coercion against them. Finally, Defendants maintain that Plaintiff failed to state a claim against Lebanon County under *Monell*. As relief, Defendants request that the Court dismiss Plaintiff's Amended Complaint (Doc. 12) with prejudice.

We agree with Defendants that since Plaintiff's direct appeal of his conviction on the possession of firearm by a prohibited person charge was dismissed by the Superior Court, any constitutional claims Plaintiff asserts based on this charge are *Heck* barred. Based on the January 20-21, 2011 incident, Plaintiff was charged with three drug offenses, receiving stolen property, and possession of a firearm. The three drug charges were *nolle prossed* after the mistrial. Plaintiff was re-tried in the CP-38-CR-557-2011 Lebanon County case on July 10, 2012, and he was found guilty by a jury of the possession of firearm by a prohibited person charge. The receiving stolen property charge was dismissed. On August 22, 2012, Plaintiff was sentenced on the stated firearm charge in case CP-38-CR-557-2011 to a minimum of 4 years to a maximum of 8 years in prison. Plaintiff is currently serving his Lebanon County sentence at SCI-Camp Hill. Plaintiff has not had this firearm conviction and sentence overturned on appeal or *via* a §2254 habeas petition. Thus, insofar as Plaintiff is raising constitutional claims under §1983 against Defendants challenging the stated forearm conviction, we agree with Defendants that these claims are *Heck* barred. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994).

14

In *Heck*, the Supreme Court stated:

> A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 487; *see also Kossler v. Crisanti,* 564 F. 3d 181, 187 (3d Cir. 2009).

In *Taylor v. JFC Staffing Assoc.*, 690 F. Supp. 2d 357, 375-77 (M.D. Pa. 2009), the Court

stated:

> In *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) the Supreme Court announced what is called the "favorable termination rule," which forecloses certain § 1983 actions for plaintiffs who have plead guilty to criminal charges.  In *Heck,* the Supreme Court stated:
>
> > [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... A claim for damages bearing relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.
>
> *Id.* at 486-87, 114 S.Ct. 2364 (emphasis in original). The final termination rule announced in Heck also bars those § 1983 claims that have the effect of impugning the underlying criminal conviction. *See Marable v. Pottsgrove Twp.,* 176 Fed.Appx. 275, 281 (3d Cir.2006).

Thus, insofar as Plaintiff is challenging his conviction on the possession of firearm by a

prohibited person charge and his 4 to 8 year prison sentence, these constitutional claims are *Heck*

barred. Based on the above, we find that Plaintiff's constitutional claims challenging his conviction

on the possession of firearm by a prohibited person charge would necessarily imply the invalidity of

15

his conviction and sentence.   As such, we will recommend that Plaintiff's constitutional claims against Defendants challenging his  conviction and sentence on the possession of firearm by a prohibited person charge be dismissed until Plaintiff has this conviction overturned on appeal in the state courts or by filing a habeas petition under 28 U.S.C. §2254.

Defendants also argue that since the entire criminal proceeding commenced against Plaintiff by Defendant Saul as a result of the January 20-21, 2011 incident did not show Plaintiff's innocence of misconduct regarding the underlying criminal charges filed against him, Plaintiff cannot establish the favorable termination element with respect to his constitutional  claims. Defendants cite to *Kossler v. Crisanti, supra*.   As the *Crisanti* Court stated, "[w]hen the circumstances-both the offenses as stated in the statute and the underlying facts of the case-indicate that the judgment as a whole does not reflect the Plaintiff 's innocence, then the Plaintiff fails to establish the favorable termination element." *Id.* at 188.    We do not find that the criminal charges filed against by Defendant Saul as a result of the January 20-21, 2011 incident, were all predicated on the same factual basis. As stated,  Defendant Saul charged Plaintiff with three felony drug offenses, namely, two counts of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, 35 Pa.C.S.A. §780-113, and one count of conspiracy to manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, 35 Pa.C.S.A. §903(c).  Subsequently, the Commonwealth moved to *nolle pros* (dismiss) the three drug charges Defendant Saul filed against Plaintiff, and the Lebanon County Court granted the motion on July 9, 2012.   Thus, Plaintiff was not convicted of the three drug charges  Defendant Saul filed against him on January 21, 2011.  Additionally, as a result of the January 20-21, 2011

incident, Defendant Saul also filed charges against Plaintiff for possession of a firearm by a

prohibited person, 18 Pa.C.S.A. §6105, and receiving stolen property, 18 Pa.C.S.A. § 3925.

Plaintiff was found guilty by a jury of the possession of firearm by a prohibited person charge. On

August 22, 2012, Plaintiff was sentenced on the stated charge to a minimum of 4 years to a

maximum of 8 years in prison. The receiving stolen property charge was dismissed.

As mentioned, both Plaintiff and Defendants submitted Exhibits attached to their respective

filings which we consider since they are documents "integral to or explicitly relied upon in the

complaint" and they are state court documents. (Docs. 19 & 27). In *Reisinger*, 712 F.Supp. 2d at

343-344, the Court stated:

> Where the parties submit exhibits with their filings, a court must
> determine what documents may be considered with a motion to dismiss.
> In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6)of the
> Federal Rules of Civil Procedure, the Third Circuit Court of Appeals had
> held that "a court can consider certain narrowly defined types of
> material without converting the motion to dismiss" to one for summary
> judgment. *In re Rockefeller Center Properties, Inc. Securities Litigation,*
> 184 F.3d 280, 287 (3d Cir. 1999). **Specifically, a court can consider "a
> document integral to or explicitly relied upon in the complaint ...
> [and] an indisputably authentic document that a defendant attaches
> as an exhibit to a motion to dismiss if the plaintiff's claims are based
> on the document."** ( *Id.* (internal citations and quotation omitted).) The
> Circuit Court explained the rationale for these exceptions: "the primary
> problem raised by looking to documents outside the complaint-lack of
> notice to the plaintiff-is dissipated where plaintiff has actual notice and
> has relied upon these documents in framing the complaint." FN11 *Id.*
> (internal citations and quotations omitted).) Matters of public record,
> including government agency records and judicial records, may be
> considered. *Jean Alexander Cosmetics, Inc. v. L'Oreal USA, Inc.,* 458 F.3d
> 244, 257 n. 5 (3d Cir.2006) (citation omitted); *Pension Benefit Guarantee
> Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir.1993).

(emphasis added).

Plaintiff's Exhibits include a copy of Defendant Saul's 2-page typed description of the January 21, 2011 incident involving Plaintiff written on a Lebanon County Detective Bureau Report with respect to all of the charges filed against Plaintiff as well as a copy of the Affidavit of Probable Cause, signed by Defendant Saul, Detective Mong and Sergeant Hopkins, attached to the Criminal Complaint filed against Plaintiff with respect to only the drug charges. (Doc. 27, Exs. B & A, respectively). Plaintiff points out that the copy of the Affidavit of Probable Cause he submitted was only signed by Defendant Saul, Detective Mong and Sergeant Hopkins and, not by a Magisterial District Judge. However, as stated above, the Lebanon County Court Criminal Docket shows that the charged drug offenses occurred on January 20, 2011, that Plaintiff was arrested by Defendant Saul and confined in LCCF on this date, and that the charges were later bound over by a Magisterial District Judge for Lebanon County Court of Common Pleas. An Information was filed against Plaintiff charging him with the stated drug offenses on May 24, 2011. Thus, a Magisterial District Judge found sufficient probable cause existed for Defendant Saul to arrest Plaintiff for the drug charges as a result of the January 20, 2011 incident.

We find that Plaintiff's own evidence shows that the charges filed against Plaintiff for possession of a firearm by a prohibited person, 18 Pa.C.S.A. §6105, and receiving stolen property, 18 Pa.C.S.A. § 3925, as a result of the January 20-21, 2011 incident, were both predicated on the same factual basis. (Doc. 27, Ex. B, p. 2). After the January 20, 2011 incident which resulted in the three drug charges filed against Plaintiff, Detective Mong and Sgt. Hopkins interviewed Plaintiff on January 21, 2011, at Lebanon County Police Department. Plaintiff was read his *Miranda* rights, and Plaintiff told Detective Mong and Sgt. Hopkins that he was living at 414 New Street on the second

floor apartment. The Lebanon County Detective Bureau Report then stated, in pertinent part, as follows:

> [Detective] Mong asked [Plaintiff] if anything was at the apartment that was illegal. [Plaintiff ] stated that he had a Colt 22 Caliber in his bedroom on the entertainment center. Detective Mong asked [Plaintiff ] how he obtained the gun. [Plaintiff ] states an individual known to him as Jackman gave it to him to hold. Detective Mong asked [Plaintiff ] if he knew where Jackman lived. [Plaintiff ] stated on 3rd Ave. and was unable to provide further information. ... Detective Mong asked [Plaintiff ] for written consent to search 414 New Street, [Plaintiff's] 1994 Chrysler Concorde, and also [Plaintiff 's] LG cellular telephone #673-5734. [Plaintiff ] signed the written consent to search form and provided the key to gain entrance to his apartment.

(Doc. 27, Ex. B, p. 2).

As stated, Defendants submitted a copy of the written Consent to Search Form which Plaintiff singed on January 21, 2011. (Doc. 19-2).

As stated, we find that the charges filed against Plaintiff for possession of a firearm by a prohibited person, 18 Pa.C.S.A. §6105, and receiving stolen property, 18 Pa.C.S.A. § 3925, as a result of the January 20-21, 2011 incident, were predicated on the same factual basis. The Pennsylvania statute pertaining to possession of a firearm by a prohibited person, 18 Pa.C.S.A. §6105, "prohibits the possession of firearms by persons convicted of enumerated offenses under the Pennsylvania Crimes Code." *U.S. v. Williams*, 574 F.Supp.2d 530, 555 (W.D. Pa. 2008). A felony conviction is one of the Pennsylvania predicate convictions under §6105. *Id.* "The elements of the offense of receiving stolen property under Pennsylvania law, 18 Pa.C.S.A. § 3925, are as follows: (1) the property was stolen; (2) the Defendant was in possession of the property; and (3) the Defendant knew or had reason to believe the property was stolen." *Commonwealth v.*

*Foreman*, 797 A.2d 1005, 1011 (Pa.Super. 2002).

Since Plaintiff was convicted of the possession of a firearm charge, *i.e.*, the Colt 22, we find that all of Plaintiff's constitutional claims against Defendants with respect to both the possession of a firearm and receiving stolen property charges, are *Heck* barred even though the latter charge was dismissed. *See Kossler, supra*. We find that these two stated charges were clearly predicated on the same factual basis, namely, Plaintiff's possession in his apartment of the Colt 22 which allegedly he was holding for a person named Jackman. Plaintiff's own exhibits show that he was not allowed to possess a firearm based on his criminal past and that Plaintiff was not the lawful owner of the gun. (Doc. 27, Ex. B).

We also agree with Defendants that insofar as Plaintiff claims that Defendant Saul conducted an unreasonable search and seizure of his home located at 414 New Street where the Colt 22 gun was found in Plaintiff 's bedroom and, insofar as Plaintiff claims that he was coerced into signing the Consent to Search Form when Saul allegedly was threatening to withhold Plaintiff 's prescription medication for his mental condition, these claims are *Heck* barred. (Doc. 20, pp. 8-9). As discussed, the search of Plaintiff 's home after Plaintiff signed the Consent Form and gave the officers a key to his apartment, on January 21, 2011, led to the finding of the gun by the police and the possession of the firearm charge Defendant Saul filed against him. Plaintiff was convicted of this charge and he has not had this conviction overturned. Thus, as Defendants point out, if Plaintiff 's unreasonable search and seizure as well as coercion claims regarding the search of his apartment were allowed to proceed, they would amount to a collateral attack on his possession of a firearm conviction and would necessarily imply the invalidity of this conviction and sentence. Defendants

cite to *James v. York County Police Department*, 160 Fed. Appx. 126, 133-34 (3d Cir. 2005), *cert. denied* 549 U.S. 897, 127 S.Ct. 210 (2006), *rehearing denied*, 549 U.S. 1159, 127 S.Ct. 1046 (2007). In *James*, the Third Circuit stated that "[q]uestioning the evidence used in [Plaintiff 's] prosecution would put the validity of his still-valid conviction at issue." *Id.* Thus, the *James* Court found that such claims were *Heck* barred. Based on the above and the *James* case, we agree with Defendants and find that our Plaintiff's unreasonable search and seizure as well as coercion claims regarding the search of his apartment are *Heck* barred.

Additionally, as Defendants point out, they submitted a copy of the Consent to Search Form Plaintiff signed which gave the Lebanon County Drug task Force permission to search his apartment, as well as his car and his cell telephone. (Doc. 19-2). Plaintiff 's own Exhibt B, Doc. 27, bolsters the fact that Plaintiff voluntarily signed the Consent Form and gave police a key to his apartment when Detective Monk asked him to sign the Form. In fact, Defendant Saul was not even the Detective who asked Plaintiff to sign the Form.

However, we do not find that the three drug charges filed against Plaintiff by Defendant Saul were predicated on the same factual basis as the possession of a firearm and receiving stolen property charges. (Doc. 27, Ex. B, pp. 1-2). The misconduct giving rise to the three durg charges did not occur at the same time, *i.e.*, they occurred on January 20, 2011, and they did not occur at the same place, *i.e.*, they occurred at Lopez's residence at 1018 Cumberland Street, as the misconduct giving rise to the possession of a firearm and receiving stolen property charges. The misconduct giving rise to the possession of a firearm and receiving stolen property charges occurred on January 21, 2011, at Plaintiff's apartment. As such, we do not find that Plaintiff 's

constitutional claims regarding the three durg charges Defendant Saul filed against him are *Heck*

barred.   *See Kossler, supra.*

Thus, we will recommend that all of Plaintiff 's constitutional  claims against Defendants

regarding the possession of a firearm and receiving stolen property charges be dismissed as *Heck*

barred.   However, to the extent Plaintiff is raising constitutional claims against Defendants for false

arrest, false imprisonment and malicious prosecution with respect to the  three drug offenses, we

do not find that these claims are *Heck* barred.

We next consider Defendants' argument that Plaintiff 's Amended Complaint fails to state

any constitutional claims against them for false arrest, false imprisonment and malicious prosecution

with respect to the  three drug offenses since there was an independent determination of probable

cause.  Defendants cite to *Fisher v. Matthews*, 792 F.Supp.2d 745, 778 (M.D. Pa. 2011).   We agree

with Defendants.

It is well-settled that "[t]o prove malicious prosecution under ... a plaintiff must show that: (1)

the defendants initiated a criminal proceeding; (2) *the criminal proceeding ended in plaintiff's favor;*

(3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for

a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of

liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Estate of*

*Smith v. Marasco,* 318 F.3d 497, 521 (3d Cir.2003) (emphasis added); *Kossler v. Crisanti,* 564 F. 3d

at 186.

A false arrest claim under §1983 also has an element requiring that Plaintiff show the

criminal proceeding was initiated without probable cause.   To succeed on a false arrest claim under

§ 1983, the Court in *Kokinda v. Breiner,* 557 F. Supp. 2d 581, 592 (2008 M.D. Pa.)*,* stated:

> A claim under § 1983 for false arrest/false imprisonment is grounded in the Fourth Amendment guarantee against unreasonable seizures. *Garcia v. County of Bucks,* 155 F.Supp.2d 259, 265 (E.D.Pa.2001) (citing *Groman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir.1995)). To maintain his false arrest claims, "a plaintiff must show that the arresting officer lacked probable cause to make the arrest." *Id.*
> "Probable cause exists when the totality of facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense." *Id.*
>
> "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman v. Twp. of Manalapan,* 47 F.3d 628, 636 (3d Cir.1995). However, unlike a malicious prosecution claim, for which each criminal charge is analyzed independently, a false arrest claim will fail if there was probable cause to arrest for at least one of the offenses involved. *Johnson,* 477 F.3d at 75; *see also Barna v. City of Perth Amboy,* 42 F.3d 809, 819 (3d Cir.1994) (holding that for an arrest to be justified, "[p]robable cause need only exist as to any offense that could be charged under the circumstances").

*See also Cummings v. City of Phila.*, 137 Fed. Appx. 504, 506 (3d Cir. 2005).

In order for Plaintiff to prevail on his malicious prosecution and false arrest claims, he must satisfy each of the above stated elements. *Kossler v. Crisanti,* 564 F. 3d at 186.

Plaintiff Santiago raises Fourth Amendment false arrest, malicious prosecution and false imprisonment claims against Defendants. We have found that these constitutional calims against Defendants with respect to the three drug charges filed against Plaintiff are not *Heck* barred. Defendant Saul filed a Criminal Complaint and, along with Mong and Hopkins, an Affidavit of Probable Cause against Plaintiff on January 21, 2011, charging him with the three drug offenses. In the Affidavit of Probable Cause, Defendant Saul along with Mong and Hopkins stated as follows:

On January 20, 2011, your affiants [Saul, Mong and Hopkins] observed a
person known to them as Dimas Santiago park a vehicle on the 1000 Block of
Cumberland St. In Lebanon [county]. Your affiants have received recent
information that Santiago sells controlled substances. Santiago walked to the
porch of 1018 Cumberland St. and placed a telephone call. A male allowed
him inside the security door. Moments later, Santiago and the other male
could be observed in an open second floor window. Det[ective] Saul and Sgt.
Hopkins observed the male hand money to Santiago. After as brief amount of
time, Santiago exited the home and entered his vehicle.
Your affiants made contact with Santiago. During a pat down search of
Santiago, a large sum of US currency was in his pocket. Your affiants made
contact with Victor Lopez-Ortiz in the apartment with the open window.
[Lopez-Ortiz] admitted that Santiago had just sold him marijuana. Lopez-
Ortiz admitted thathe sells marijuana and that Santiago provided him a bulk
amount of marijuana as his supplier. Lopez-Ortiz gave consent to search the
apartment. Within the apartment were four small zip baggies of marijuana on
a table. Also located were two large sandwich bags of marijuana that Lopez-
Oritz stated Santiago sold to him. Also within the apartment were multiple
new small zip baggies.

(Doc. 27, Ex. A).

Initially, probable cause to support an arrest does not "require the same type of specific

evidence of each element of the offense as would be needed to support a conviction." *Adams v.

Williams*, 407 U.S. 143, 149 (1972). Thus, simply because the drug charges Defendant Saul filed

against Plaintiff were *nolle prossed* when Plaintiff's case was before the Lebanon County Court,

does not necessarily show that Defendant lacked probable cause to arrest Plaintiff and that

Defendant lacked probable cause to issue the Criminal Complaint against Plaintiff.

As Defendants recognize, the lack of probable cause is a required element of Plaintiff's

Fourth Amendment false arrest and malicious prosecution claims. *McNeill v. City of Easton*, 694 F.

Supp. 2d 375, 390 (E.D. Pa. 2010). Thus, if Defendant Saul had probable cause to arrest Plaintiff

on January 21, 2011, for the three drug offenses, Plaintiff's false arrest, false imprisonment and

malicious prosecution claims must fail.  *Id*.

Plaintiff's arrest on the drug charges may violate his constitutional rights under the  Fourth Amendment if it was made by Defendant Saul without probable cause to believe that Plaintiff committed the drug crimes. *See Barna v. City of Perth Amboy,* 42 F.3d 809, 819 (3d Cir.1994). Thus, a false arrest claim under §1983 requires a determination of  "whether the arresting officers had probable cause to believe the person arrested had committed the offense. " *Groman v. Township of Manalapan,* 47 F.3d 628, 634 (3d Cir.1995). "If the arresting officer lacked probable cause to make the arrest, the arrestee also has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Id*. at 636.

In *Reedy v. Evanson*, 615 F. 3d 197, 211 (3d Cir. 2010), the Third Circuit stated that "[i]t is well-established that the Fourth Amendment 'prohibits a police officer from arresting a citizen except upon probable cause.'" (citations omitted).  The *Reedy* Court also stated:

> Probable cause "requires more than mere suspicion [.]" *Orsatti,* 71 F.3d at 482. However, it does not "require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Adams v. Williams,* 407 U.S. 143, 149, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972). Rather, "probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Orsatti,* 71 F.3d at 483; *see also Wilson v. Russo,* 212 F.3d 781, 789 (3d Cir.2000) ("Probable cause exists if there is a 'fair probability' that the person committed the crime at issue." (citation omitted).). "Probable cause need only exist as to [one of the] offense[s] that could be charged under the circumstances." *Barna v. City of Perth Amboy,* 42 F.3d 809, 819 (3d Cir.1994). In analyzing whether probable cause existed for an arrest, we must take a "totality-of-the-circumstances approach." *Illinois v. Gates,* 462 U.S. 213, 230, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

Defendants argue that Plaintiff's false arrest, false imprisonment and malicious prosecution claims against them should be dismissed, since Plaintiff's arrest for the drug charges was reasonable under the Fourth Amendment and since there was probable cause on January 20, 2011, to believe that Plaintiff was committing criminal drug offenses. Defendants state with respect to the drug charges, that "Plaintiff Santiago had a preliminary hearing on both the drug charges and the firearm charges and the Magisterial District Judge made an independent judicial finding of probable cause on all charges and bound them over for trial." (Doc. 20, p. 7). Thus, Defendants conclude that based on the *Fisher* case, Detective Saul had probable cause to arrest Plaintiff on the drug charges and Plaintiff failed to state claims for false arrest, false imprisonment and malicious prosecution.

As mentioned above, in our Doc. 8 R&R screening Plaintiff's original Complaint, we stated:

> Plaintiff 's Lebanon County Criminal Docket for case CP-38-CR-573-2011 indicates that Plaintiff was arrested on January 21, 2011, by a criminal complaint filed by Defendant Saul charging Plaintiff with three felony drug offenses, namely, two counts of manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, 35 Pa.C.S.A. §780-113, and one count of conspiracy to manufacture, delivery, or possession with intent to manufacture or deliver a controlled substance, 35 Pa.C.S.A. §903(c). The Docket shows that the charged drug offenses occurred on January 20, 2011, that Plaintiff was arrested by Defendant Saul and confined in LCCF on this date, and that the charges were later bound over by a Magisterial District Judge for Lebanon County Court of Common Pleas. An Information was filed against Plaintiff charging him with the stated drug offenses on May 24, 2011. Plaintiff 's criminal jury trial commenced on March 5, 2012, with Plaintiff proceeding *pro se*, Defendant ADA Eisenhart prosecuting Plaintiff, and Defendant Deidercik was Plaintiff's stand-by defense counsel. The Lebanon County Court of Common Pleas declared a mistrial on March 7, 2012. The Commonwealth then moved to nolle pros (dismiss) the three [drug] charges against Plaintiff, and the Court granted the motion on July 9, 2012. Thus, Plaintiff was not convicted of the three drug charges Defendant Saul filed against him on January 21, 2011.

We agree with Defendants that the issue of whether probable cause existed to arrest Plaintiff for the drug charges is normally a question of fact, but that under the circumstances of the present case, it is a question of law.  *See Fisher*, 792 F.Supp. 2d at 778.  We also agree with Defendants that like the *Fisher* case in which Plaintiff Fisher was arrested and charged with criminal offenses which were bound over to County Court for trial after a preliminary hearing was held and in which the charges were later dismissed, our Plaintiff cannot establish his constitutional claims since Defendant Saul clearly had probable cause to arrest Plaintiff for the drug offenses and the drug offenses were bound over by a Magisterial District Judge to Lebanon County Court for trial.

As the *Fisher* Court, 792 F.Supp. 2d at 781, stated:

> As Defendants point out, since the charges against Plaintiff were bound over for court and trial, after a preliminary hearing before a Pennsylvania magisterial district judge, despite the subsequent dismissal and withdrawal of the charges, there was some initial independent judicial finding that probable cause existed with respect to Defendants' arrest of Plaintiff on the charges and with respect to the Criminal Complaint Defendant Dickmyer filed against Plaintiff.  "The purpose of a preliminary hearing [in Pennsylvania] is to avoid the incarceration or trial of a Defendant unless there is sufficient evidence to establish a crime was committed and the probability the Defendant could be connected with the crime." *Com. v. Tyler*, 587 A.2d 326 (Pa. Super. 1991).
>
> The independent judicial determination, of which there is no dispute, found that there was a sufficient showing by Defendants of a *prima facie* case against Plaintiff with respect to both charges, and that there was a factual and legal basis for Plaintiff's arrest as a result of the August 17, 2007 incident since the charges were bound over to court for trial.  A *prima facie* case is when the evidence read in a light most favorable to the Commonwealth, "sufficiently established both the commission of a crime and that the accused is probably the perpetrator of that crime." *Com. v. Hendricks*, –A. 2d —, 2007 WL 1732578 (Pa. Super. 2007).  As discussed, we find that the record shows that Defendants had sufficient probable cause that Plaintiff committed the stated two offenses, and the magisterial district judge found that there was sufficient evidence to allow the charges to go to the jury.

As the Court in *Kokinda*, 557 F. Supp. 2d at 593, stated, based on *Virginia v. Moore*, 553 U.S. 164, 128 S. Ct. 1598, 1607-08 (2008), "[w]hen officers have probable cause to believe that a person has committed a crime in their presence, the Fourth Amendment permits them to make an arrest." Based on Plaintiff 's own Exhibits, Defendant Saul clearly had probable cause to believe that Plaintiff was selling marijuana to Lopez on January 20, 2011. Further, a Magisterial District Judge bound over the drug charges Defendant Saul filed against Plaintiff to Lebanon County Court for trial.

We find that Defendant Saul had facts and circumstances within in his knowledge on January 20, 2011, to warrant a reasonable person to believe that Plaintiff committed the stated drug offenses. We agree with Defendants that it is not important with respect to Plaintiff's Fourth Amendment false arrest claim and malicious prosecution claim that the drug charges were later dismissed. The Third Circuit Court of Appeals stated, "the probable cause standard does not turn on the actual guilt or innocence of the arrestee, but rather, whether the arresting officer reasonably believed that the arrestee had committed the crime." *Radich v. Goode*, 886 F.2d 1391, 1397 (3d Cir. 1989). Therefore, we agree with Defendants that since Defendant Saul clearly had probable cause to arrest Plaintiff and since Saul had a reasonable belief that Plaintiff committed the stated three drug crimes on January 20, 2011, Plaintiff has failed to state cognizable claims under §1983 for false arrest, false imprisonment and malicious prosecution. We also agree with Defendants (Doc. 20, p. 5) that Plaintiff fails to allege Saul filed the drug charges against Plaintiff with a malicious motive which is a requisite element of Plaintiff's malicious prosecution claim.

Insofar as Plaintiff claims that Defendant Saul committed perjury in the Affidavit of Probable Cause with respect to the criminal Complaint filed against him on the drug charges, we agree with Defendants that "no such claim has been stated because Plaintiff does not identify any statements that are false and because perjury is a crime for which there is no private cause of action pursuant to §1983." (Doc. 20, p. 8). Defendants cite to *Mosley v. Cassidy*, 842 F.Supp. 839 (E.D. Pa. 1994).[9]  In *Mosley*, the Court found that "law enforcement personnel giving perjurious testimony are not labile under §1983." *Id.* at 840.   We also agree with Defendants that Plaintiff, in his amended pleading, has not specified any statements in the Affidavit of Probable Cause that were false.  Further, we have found that there was probable cause with respect to the drug charges Defendant Saul filed against Plaintiff.   Additionally, insofar as Plaintiff also asserts an unreasonable search and seizure claim regarding his pat down search on January 20, 2011, at Lopez's residence, Plaintiff 's own Exhibit B, Doc. 27,  shows that after Defendant Saul advised Plaintiff that he was observed selling drugs to Lopez, Plaintiff denied it and "offered immediately 'you can search me, I don't have any durgs." Detective Mong then asked Plaintiff if he could search Plaintiff and Plaintiff said "yes."  Detective Mong then found an amount of cash in Plaintiff 's pants and a cell telephone. In fact, Plaintiff 's Exhibit B (Doc. 27) shows that Defendant Saul was not personally involved in his pat down search, rather, Detective Mong conducted the search.  It is well established that a Plaintiff must allege the personal liability of a Defendant in a civil rights action and that such liability cannot be imposed upon an official based on a theory of  *respondeat superior*.  *See Sutton v. Rasheed*, 323

[9]As discussed above, we have agreed with Defendants that any perjury claim Plaintiff asserts with respect to the  possession of a firearm charge and the receiving stolen property charge, are *Heck* barred.

F.3d 236, 249-250 (3d Cir. 2003). Also, Plaintiff consented to the pat down search. (Doc. 27, Exhibit B). Further, as discussed above, we have found that there was sufficient probable cause for the arrest of Plaintiff by Defendant Saul on the drug charges. (*Id.*, Exs. A & B). Thus, we agree with Defendants that Plaintiff has failed to show that the Affidavit of Probable Cause for his drug charges contained statements which amounted to perjury. *See Basile v. Twp. of Smith*, 752 F.Supp.2d 643 (W.D. Pa. 2010).

Moreover, since we find that Plaintiff has failed to state any viable constitutional claim against Defendant Saul, a Detective with the Lebanon County Drug Task Force, we agree with Defendants (Doc. 20, p. 11) and find that Plaintiff has failed to state a constitutional claim against Defendant Lebanon County under *Monell v. Department of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). *See Kokinda v. Breiner,* 557 F. Supp. 2d at 591. Therefore, we find that Plaintiff's constitutional claims against Defendant Lebanon County under *Monell* fail since Plaintiff failed to state a constitutional claim against the individual Lebanon County Defendant, Detective Saul. *See Deninno v. Municipality of Penn Hills*, 269 Fed.Appx. 153, 158 (3d Cir. 2008)("Even more fundamentally, there can be no municipal liability here because we have determined that none of the individual Defendants violated the Constitution."). Thus, we find that Lebanon County should be dismissed as a Defendant in this case.

Thus, we will recommend that the Court grant Defendants' Motion to Dismiss **(Doc. 19)** with respect to all constitutional claims against Defendants Saul and Lebanon County raised in Plaintiff's Amended Complaint. Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his

pleading unless it finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Because the Court has already afforded Plaintiff one opportunity to amend his Complaint and since Plaintiff has failed to state any constitutional claims against the two remaining Defendants in his Amended Complaint, we will recommend that the Court dismiss both Defendants from this action with prejudice as we find, based on the above discussion, futility in allowing Plaintiff to once again amend his Complaint with respect to these Defendants and we find undue prejudice to Defendants. *See Grayson, supra*.

## IV.    RECOMMENDATION.

Based on the foregoing discussion, it is respectfully recommended that Defendants' Motion to Dismiss **(Doc. 19)** be **GRANTED** with respect to all of the constitutional claims raised against Defendants Saul and Lebanon County in Plaintiff's Amended Complaint.  It is also recommended that Plaintiff's Amended Complaint **(Doc. 12)** be **DISMISSED WITH PREJUDICE**.  Further, it is recommended that Plaintiff's "Motion to Appeal" **(Doc. 30)** be **DENIED**.

s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 8, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIMAS SANTIAGO, | : | CIVIL ACTION NO. **1:CV-12-2007** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| | : | (Magistrate Judge Blewitt) |
| v. | : | |
| | : | |
| ADAM SAUL, *et al.,* | : | |
| | : | |
| Defendants | : | |

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May 8, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may

result in a waiver of any appellate rights.


                                       **s/ Thomas M. Blewitt**
                                       **THOMAS M. BLEWITT**
                                       **United States Magistrate Judge**


**Dated: May 8, 2013**